UNITED STATES CERTIFIED MAIL SERVICE RETURN
SUMMONS & COMPLAINT
A 2100578    D1
UNIVERSITY OF CINCINNATI
FILED: 03/01/2021  6:57:56

**UNITED STATES POSTAL SERVICE**

Ex. A

Date Produced: 03/01/2021

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0935 2286. Our records indicate that this item was delivered on 02/24/2021 at 07:39 a.m. in CINCINNATI, OH 45221. The scanned image of the recipient information is provided below.

Signature of Recipient :    *[signature: Rip Brown / Brown]*

Address of Recipient :    *[handwritten: 792 C McMillan]*

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:    16117997SEQ1



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
February 16, 2021 03:48 PM
       AFTAB PUREVAL
      Clerk of Courts
    Hamilton County, Ohio
   CONFIRMATION 1034730
```

**JILL R GIBBONEY**         **A 2100578**

**vs.**

**UNIVERSITY OF CINCINNATI**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 8

EFR200



VERIFY RECORD

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| **JILL R. GIBBONEY,** <br> 4444 Station Avenue <br> Cincinnati, Ohio 45232 <br><br> **Plaintiff,** <br> v. <br><br> **UNIVERSITY OF CINCINNATI,** <br><br> <u>Serve</u>: <br> Lori A. Ross, Esq., <br> General Counsel <br> UNIV PAV 650 E <br> 2618 McMicken Cir <br> Cincinnati, Ohio 45221-0623 <br><br> **Defendant.** | Case No. _____ <br><br> Judge: _____ <br><br> **COMPLAINT AND JURY DEMAND** |

**COMES NOW,** Plaintiff, Jill R. Gibboney, by and through counsel, and for her Complaint and Jury Demand against the University of Cincinnati, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Jill R. Gibboney has been a resident of Hamilton County, Ohio at all times relevant to this Complaint.

2. Defendant University of Cincinnati ("UC") has been a public university in Hamilton County, Ohio at all times relevant to this Complaint.

3. This Court has jurisdiction over the parties named in this Complaint.

4. Venue is appropriate in the Hamilton County Court of Common Pleas.

**FACTS**

5. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

6. Plaintiff is physically disabled. The nature of Plaintiff's disability is that she is a lower limb amputee.

7. UC hired Plaintiff in August 2016 as the marketing and promotions coordinator for its Office of Information Management at a salary of $37,000 per year.

8. At the time of her employ with Defendant, Plaintiff's disability made ambulation of Defendant's main Clifton campus and parking facilities painful and difficult as a matter of course. This difficulty was compounded by the fact that her duties regularly obliged her to start and end her work-days at locations other than her typical workspace.

9. Specifically, at the time, Plaintiff was the only "creative" in her office. As such a substantial part of her job was to create and produce marketing materials, work with the Defendant's printing services, complete press checks, and pick up finished items from the printer. Thus, the unique nature of Plaintiff's position obliged her to hold and attend meetings away from her office, at various locations on UC's campus. Plaintiff did not put these meetings on her calendar because they weren't scheduled events. Instead, Plaintiff would often have to leave her desk on the spur-of-the-moment oral instructions of her supervisor, or upon her oral notice to her supervisor of the same. No other employee had this role, and thus the nature of Plaintiff's time-keeping responsibility was dissimilar to other employees.

10. Because of the unique nature of her role, Plaintiff's then-supervisor, Emily Baute, instructed Plaintiff to clock in and out when she entered and departed her office

and to flex other time for work spent outside of her normal office duties. Plaintiff did so, as instructed by Ms. Baute.

11. In February 2019, however, Plaintiff was summoned to the office of HR representative Karlethia James. The purpose of this meeting was to terminate Plaintiff's employment for alleged "time-theft." Because Plaintiff was following Ms. Baute's instructions, however, Ms. James gave Plaintiff an unending "Last-Chance" warning for supposedly violating University Policies. Plaintiff was given this Last-Chance warning without any oral or written notice of any precipitating event in violation of University policy. Such event first requires implementation of a personal improvement plan with a timeline for improvement. This, despite regularly occurring one-on-one meetings, the instructions from Ms. Baute, and exceptional performance evaluations.

12. After February 2019, Defendant deliberately placed metaphorical and literal roadblocks Plaintiff's path to make the performance of her job difficult or impossible.

13. Plaintiff repeatedly articulated to the Defendant's HR and Title IX offices her need for a time-keeping accommodation due to her difficulty with physical mobility around campus. Defendant refused and failed to engage in any interactive process to reach a reasonable accommodation. Instead, Defendant's representatives told Plaintiff that she "should probably get a new job," if she were having difficulty with mobility.

14. Instead of engaging with Plaintiff to accommodate her disability, Defendant terminated Plaintiff's employment on February 7, 2020 for alleged "dishonesty" related to clocking in prior to arriving at her worksite, clocking out after having left her worksite,

3

and attending classes during her workday, without clocking in or out. Defendant provided Plaintiff no documentation identifying when these supposed infractions occurred, or how.

15. Plaintiff denies violating any University time-keeping policy.

16. Moreover, Defendant's time-keeping policy violates the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. ("ADA") and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112 ("OCRA") because it does not allow for any reasonable accommodation of disabled employees.

17. Defendant also selectively enforced its time-keeping policy to Plaintiff's detriment. Indeed, due to the buggy nature of UC's timekeeping application at the time, the application would not work, or would not register a clocked time. Additionally UC employees routinely clocked in and out as soon as they entered/exited their parking areas. The expectation of being at one's desk was not enforced as to other able-bodied employees.

18. Moreover, able-bodied employees in similar roles, with similar education and experience made $11,000 to $16,000 more than Plaintiff during her tenure at UC, for no legitimate business purpose.

19. Defendant compounded its retaliation against Plaintiff by unjustly opposing her determination of unemployment benefits during a time in which it was impossible for her to find suitable employment because of the COVID-19 pandemic, by appealing that determination. Defendant later withdrew its appeal when it learned that Plaintiff is represented by counsel. If Defendant truly believed that Plaintiff knowingly violated its time-keeping policy, it wouldn't have dismissed its appeal of her benefits. Instead, by

4

dismissing its appeal, Defendant tacitly acknowledged that its stated reason for terminating Plaintiff's employment was false, and it should be estopped from claiming otherwise.

20. On July 16, 2020, Plaintiff filed her Charge of Discrimination with the EEOC for violations of the ADA in Charge No. 473-2020-01376.

21. On December 14, 2020, the EEOC issued Plaintiff her notice of right to sue.

## CAUSES OF ACTION

### Count I
### Violation of 42 U.S.C. §12101, *et seq.* and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112: Disability Discrimination

22. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

23. At all times relevant to this Complaint, Plaintiff suffered a disability, and/or Defendant regarded her as disabled, as described in this Complaint within the meaning of the ADA, the OCRA, and applicable law.

24. At all times relevant to this Complaint, Defendant knew Plaintiff was disabled, and/or regarded her as such.

25. At all times relevant to this Complaint, Plaintiff was qualified for her position as marketing and promotions coordinator in Defendant's Office of Information Management.

26. Plaintiff suffered the adverse employment action of termination by the Defendant because of her disability within the meaning of, and in violation of, the ADA, the OCRA, and applicable law.

5

27. Defendant's conduct described in this Complaint constitutes disability discrimination within the meaning of the ADA, OCRA, and applicable law.

28. Due to Defendant's violation of the ADA and OCRA as described in this Complaint, Plaintiff has suffered damages in excess of the jurisdictional threshold of this Court, to be determined by the trier of fact.

## Count II
### Violation of 42 U.S.C. §12101, *et seq*. and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112: Failure to Accommodate

29. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

30. Plaintiff requested a reasonable accommodation of her disability as described in this Complaint within the meaning of the ADA and the OCRA.

31. The accommodation requested by the Plaintiff would have placed no meaningful burden on the Defendant as evidenced, in part, by Ms. Baute's instruction to Plaintiff that she keep her time in a more flexible manner.

32. Defendant failed, however, to accommodate Plaintiff's requested accommodation as described in this Complaint within the meaning of the ADA and OCRA.

33. Defendant likewise failed to engage in any interactive process with the Plaintiff to try to reach an accommodation both parties could live with, in violation of 29 CFR §1630.2 and applicable law.

34. Indeed, Defendant punished Plaintiff for using the accommodation granted to her by Ms. Baute.

6

35. As a direct and proximate result of Defendant's failure to accommodate Plaintiff's disability within the meaning of the ADA and OCRA, and failure to engage in any interactive process as described in this Complaint, Plaintiff has suffered damages in excess of the jurisdictional threshold of this Court.

### Count III
### Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112: Retaliation

36. Plaintiff incorporates the preceding allegations of this Complaint as if fully rewritten.

37. Plaintiff engaged in protected activity under the ADA and OCRA when she asked Defendant to accommodate her disability, as described in this Complaint.

38. Defendant knew about Plaintiff's disability at all times relevant to this Complaint and knew that she had requested an accommodation under the ADA and OCRA.

39. Defendant retaliated against Plaintiff by terminating her employment because she requested and made use of an accommodation under the ADA and OCRA, as described in this Complaint.

40. Defendant further retaliated against Plaintiff by interfering with and/or attempting to interfere with her unemployment benefits because she retained counsel.

41. As a direct and proximate result of Defendant's retaliation against the Plaintiff as described in this Complaint, Defendant caused Plaintiff injuries in an amount in excess of the jurisdictional threshold of this Court, to be determined by the trier of fact.

7

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jill R. Gibboney, prays for judgment against the Defendant University of Cincinnati as follows:

A. Compensatory damages;

B. Damages in the form of back pay;

C. Damages in the form of front pay;

D. Damages for emotional distress;

E. Pre- and post-judgment interest on compensatory damages, damages for back pay, damages for front pay, and emotional distress damages;

F. Lost benefits;

G. An award of her attorney's fees, and costs;

H. An award of punitive damages; and

I. Such other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Justin Whittaker*
Justin Whittaker, Esq. (0093212)
WHITTAKER LAW, LLC
1431 Walnut Street
Cincinnati, Ohio 45202
(513) 259-3758
(513) 436-0698 Fax
Justin@WhittakerLawFirm.com

*Counsel for Jill R. Gibboney*



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
February 16, 2021 03:48 PM
       AFTAB PUREVAL
      Clerk of Courts
    Hamilton County, Ohio
   CONFIRMATION 1034730
```

**JILL R GIBBONEY**                  **A 2100578**

**vs.**

**UNIVERSITY OF CINCINNATI**

## FILING TYPE: CLASSIFICATION
## PAGES FILED: 1

EFR200



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br>WWW.COURTCLERK.ORG | AFTAB PUREVAL<br>CLERK OF COURTS |
|---|---|---|

CASE NUMBER: _____   PLAINTIFF: Jill R. Gibboney

PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED

UNDER CASE NUMBER: _____   BY JUDGE _____

**PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS** (please only check one):

- [ ] Other Tort – C360
- [ ] Personal Injury – C310
- [ ] Wrongful Death – C320
- [ ] Vehicle Accident – C370

- [ ] Professional Tort – A300
- [ ] Personal Injury – A310
- [ ] Wrongful Death – A320
- [ ] Legal Malpractice – A330
- [ ] Medical Malpractice – A340

- [ ] Product Liability – B350
- [ ] Personal Injury – B310
- [ ] Wrongful Death – B320

- [ ] Worker's Compensation
- [ ] Non-Compliant Employer – D410
- [ ] Appeal – D420

- [ ] Administrative Appeals – F600
- [ ] Appeal Civil Service – F610
- [ ] Appeal Motor Vehicle – F620
- [ ] Appeal Unemployment – F630
- [ ] Appeal Liquor – F640
- [ ] Appeal Taxes – F650
- [ ] Appeal Zoning – F660

- [ ] Certificate of Qualification – H600

- [x] Other Civil – H700-34
- [ ] Appropriation – H710
- [ ] Accounting – H720
- [ ] Beyond Jurisdiction –730
- [ ] Breach of Contract – 740
- [ ] Cancel Land Contract – 750
- [ ] Change of Venue – H760
- [ ] Class Action – H770
- [ ] Convey Declared Void – H780
- [ ] Declaratory Judgment – H790
- [ ] Discharge Mechanics Lien – H800
- [ ] Dissolve Partnership – H810
- [ ] CONSUMER SALES ACT (1345 ORC) – H820
- [ ] Check here if relief includes declaratory judgment, injunction or class action recovery – H825
- [ ] Habeas Corpus – H830
- [ ] Injunction – H840
- [ ] Mandamus – H850
- [ ] On Account – H860
- [ ] Partition – H870
- [ ] Quiet Title – H880
- [ ] Replevin – H890
- [ ] Sale of Real Estate – H900
- [ ] Specific Performance – 910
- [ ] Restraining Order – H920
- [ ] Testimony – H930-21
- [ ] Environmental – H940
- [ ] Cognovit – H950
- [ ] Menacing by Stalking – H960
- [ ] ] Repo Title – Transfer of Title Only – 970
- [ ] ] Repo Title – With Money Claim – H980
- [ ] Injunction Sexual Predator – 990
- [ ] SB 10 – Termination – H690
- [ ] SB 10 – Reclassification – H697

DATE: 02/16/2021   ATTORNEY (PRINT): Justin Whittaker, Esq.

OHIO SUPREME COURT NUMBER: 0093212

Revised 01/02/2017



**Aftab Pureval, Clerk of Courts**
**Court of Common Pleas, Hamilton County, Ohio**
www.courtclerk.org

# NOTIFICATION FORM

**CASE INFORMATION**

Date: February 17, 2021

Case No.: A 2100578

Caption: Jill R. Gibboney  vs  University of Cincinnati

*******************************************************************

**ATTORNEY INFORMATION**

Attorney Name: Justin Whittaker, Esq.

Attorney Address: Whittaker Law, LLC
Firm
1431 Walnut Street
Street Number
Cincinnati, Ohio 45202
City, State, Zip
(513) 259-3758
Phone Number
(513) 436-0689
Fax Number
Justin@WhittakerLawFirm.com
E-Mail Address

Ohio Attorney Supreme Court No.: 0093212

☐ **Address Change Only**

■ **Request Case Notification / Not a Party Defendant**

*******************************************************************

**COURT PARTY INFORMATION**

Name of Client: Jill R. Gibboney    ■ Plaintiff    ☐ Defendant

Name of Client: _____    ☐ Plaintiff    ☐ Defendant

Name of Client: _____    ☐ Plaintiff    ☐ Defendant

Name of Client: _____    ☐ Plaintiff    ☐ Defendant

Name of Client: _____    ☐ Plaintiff    ☐ Defendant

**Substituted for:** _____ **(if applicable)**

Rev. 08/03/2017

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


JILL R GIBBONEY
    **PLAINTIFF**

        Use below number on
        all future pleadings
  -- vs --
        No.  A 2100578
          SUMMONS

UNIVERSITY OF CINCINNATI
    **DEFENDANT**

    UNIVERSITY OF CINCINNATI
    CO LORI A ROSS ESQ               D - 1
    UNIV PAV 650 E 2618 MCMICKEN CIR
    CINCINNATI OH 45221


You are notified
that you have been named Defendant(s) in a complaint filed by

    JILL R GIBBONEY
    4444 STATION AVENUE
    CINCINNATI OH 45232

                        Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          AFTAB PUREVAL
JUSTIN WHITTAKER                     Clerk, Court of Common Pleas
1431 WALNUT ST                       Hamilton County, Ohio
CINCINNATI        OH        45202

                                       By   <u>RICK HOFMANN</u>
                                                                Deputy

                                       Date:     February 19, 2021



D131104232


VERIFY RECORD

Monday, March 22, 2021    Survey  0



**HAMILTON COUNTY**
**CLERK OF COURTS**
**AFTAB PUREVAL**
1000 Main St, Cincinnati, OH 45202

Contact Us    Search...

| MEET AFTAB PUREVAL | GENERAL INFORMATION | PAY ONLINE | FORMS | OUR OFFICE | RECORDS SEARCH |

## Case Summary

| Case Number: | A 2100578 |
|---|---|
| Court: | Common Pleas Civil |
| Case Caption: | JILL R GIBBONEY vs. UNIVERSITY OF CINCINNATI |
| Judge: | TERRY NESTOR |
| Filed Date: | 02/16/2021 |
| Case Type: | H705 - OTHER CIVIL & JURY DEMAND |
| Total Deposits: | $595.00 Credit |
| Total Costs: | $249.00 |

### Case History

Show All Rows

| Date | Description | Amount | Doc | Image# |
|---|---|---|---|---|
| 03/01/2021 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO UNIVERSITY OF CINCINNATI ON 02/24/21, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0935 2286] | | 📄 | |
| 02/24/2021 | JUDGE ASSIGNED CASE ROLLED TO NESTOR/TERRY PRIMARY | | | |
| 02/19/2021 | CERTIFIED MAIL SERVICE ISSUED TO UNIVERSITY OF CINCINNATI [CERTIFIED MAIL NBR.: 7194 5168 6310 0935 2286] | | | |
| 02/19/2021 | SUMMONS ISSUED BY CERTIFIED MAIL TO UNIVERSITY OF CINCINNATI | | 📄 | |
| 02/17/2021 | NOTIFICATION FORM FILED. | | 📄 | |
| 02/17/2021 | CASE DEPOSIT & JURY DEMAND BY JUSTIN WHITTAKER | 595.00- | | |
| 02/16/2021 | CLASSIFICATION FORM FILED. | | 📄 | |
| 02/16/2021 | COMPLAINT & JURY DEMAND FILED | | 📄 | |



**HAMILTON COUNTY**
**CLERK OF COURTS**
1000 Main St, Cincinnati, OH 45202

E-Filing
FAQ
Policies
Select Language ▼

© 2017 Aftab Pureval, Hamilton County Clerk of Courts | All Rights Reserved | Privacy Policy

Privacy - Terms

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| **JILL R. GIBBONEY** | CASE NO. A 2100578 |
| Plaintiff, | |
| v. | |
| **UNIVERSITY OF CINCINNATI** | |
| Defendant. | |

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that on March 24, 2021, Defendant University of Cincinnati ("Defendant") filed a Notice of Removal in the United States District Court for the Southern District of Ohio. A true and accurate copy of this filing is attached hereto. This matter shall therefore proceed in the United States District Court for the Southern District of Ohio and all responsive pleadings shall be filed in the Southern District hereafter.

Respectfully submitted,

s/ M. Scott McIntyre
M. Scott McIntyre (0075290)
Sean P. Ryan (0094085)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: 513.929.3400
Facsimile: 513.929.0303
smcintyre@bakerlaw.com
spryan@bakerlaw.com

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent by email on this 24th day of March 2021, to the following:

Justin Whittaker, Esq. (0093212)
WHITTAKER LAW, LLC
1431 Walnut Street
Cincinnati, Ohio 45202
(513) 259-3758
(513) 436-0698 Fax
Justin@WhittakerLawFirm.com

*Attorney for Plaintiff*

        /s/ M. Scott McIntyre
        M. Scott McIntyre